Sheldon ROGERS, Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 11986.

United States Court of Appeals
Seventh Circuit.

Oct. 21, 1957.

Maurice Weinstein, Milwaukee, Wis., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Kenneth E. Levin, Ellis N. Slack, Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before DUFFY, Chief Judge, and LINDLEY and HASTINGS, Circuit Judges.

DUFFY, Chief Judge.

This is an appeal from the Tax Court which decided that 25% of the bank deposits made by taxpayer during the years 1949, 1950 and 1951 was income, some of which had not been reported on taxpayer's returns for those years.

During the years in question, taxpayer lived in Milwaukee and derived income as a sports broker, handling and placing bets for others with bookmakers and professional bettors. In 1949 he was also in the concession business working at state fairs, carnivals and sport shows. He also did some work at race tracks in Florida.

Taxpayer regularly called on persons with whom he had previously made contact, and they would hand him funds to bet on various sports events at certain odds. If he could place the bets at better odds, he retained any extra winnings. At times he would receive gratuities from his clients after they had won bets.

Taxpayer maintained a checking account at a Milwaukee bank where he deposited funds. Some of these deposits included money which clients had turned over to him to be bet. He often kept small wagers on his person. Also, in certain instances, if the bookkeeper with whom he expected to do business was close by, he would hand him the money directly.

In 1949, taxpayer deposited $26,518.98 in his checking account. Of this amount $13,458.75 was in cash and $13,060.23 in checks. He also had a $1,000 deposit in a savings account.

In 1950, taxpayer deposited $46,194.77 in his checking account and $1,000 in his savings account. Of the sum in his checking account, over $29,000 was in cash and over $16,800 was in checks. In addition, taxpayer received checks totaling $4,870.35 which he did not deposit in his bank account.

In 1951, taxpayer deposited $19,200 in his checking account of which $10,376 was in cash and $8,824 was in checks.

He also received $3,346 in checks which he did not deposit.

Deposits were made in taxpayer's checking account in all of the months during 1949, in every month except May in 1950 and in the months of January, February, March, October and November in 1951.

Taxpayer did not keep any records or books. As bets were negotiated, he made notations on scraps of paper. On Saturdays he would "figure things out," pay what was due and then throw the notations away. When the revenue agent made the investigations, taxpayer had no canceled checks. For at least one of the years in question, taxpayer used a safe deposit box which he visited about once a week.

Revenue agents requested a net worth statement which taxpayer refused to furnish. He also refused to explain the withdrawals from his account or to otherwise cooperate with the Internal Revenue agents.

The bank did not film the checks so no record of them was available. There was no pattern of withdrawals as almost all withdrawals were in cash. Department stores and credit bureaus were contacted but apparently the various cash transactions carried on by the taxpayer could not be traced.

The Commissioner resorted to the bank deposit method of reconstructing taxpayer's income. He determined deficiencies against taxpayer for the years 1949, 1950 and 1951 by adding his bank deposits and unreported checks for each year, and deducting the amount taxpayer had reported as income for that year.

The Tax Court did not approve the deficiencies as asserted by the Commissioner but by invoking the principle of Cohan v. Commissioner, 2 Cir., 39 F.2d 540, concluded that taxpayer's gross income would not exceed 25% of the total deposits plus undeposited checks. The Tax Court deducted income actually reported in order to arrive at the amount of income omitted. The redetermined deficiencies were naturally much smaller than those asserted by the Commissioner.

In this Court, taxpayer argues that as the Tax Court did not approve the deficiencies determined by the Commissioner, it necessarily follows that the Commissioner's determination was arbitrary; also, that the presumption that the Commissioner's assessment is correct no longer obtains, and that under such circumstances, resort may not be had to the Cohan rule.

We think there is no merit in taxpayer's argument, that because the Tax Court did not accept the Commissioner's determination of deficiencies in their entirety, it could not find the taxpayer liable for smaller deficiencies. This Court and others have affirmed Tax Court decisions in which adjustments in the Commissioner's determination had been made. Traum v. Commissioner of Internal Revenue, 7 Cir., 237 F.2d 277; Bodoglau v. Commissioner of Internal Revenue, 7 Cir., 230 F.2d 336; Miller v. Commissioner of Internal Revenue, 5 Cir., 237 F.2d 830; Harris v. Commissioner of Internal Revenue, 4 Cir., 174 F. 2d 70. Applicable here is a statement from our opinion in Bodoglau v. Commissioner of Internal Revenue, 7 Cir., 230 F.2d 336, 340–341: "We think the Tax Court was generous to taxpayer * * * but under the Cohan rule such determination was proper. * * * Nor is it essential that there be testimony of the specific figure fixed by the Tax Court."

In United States v. Doyle, 7 Cir., 234 F.2d 788, we affirmed the conviction of a defendant for attempting wilfully to evade income taxes. The testimony relied upon was based upon a bank deposit theory. The agents had made an extended but unfruitful investigation of the taxpayer's financial condition after failing to obtain any cooperation from the taxpayer or his attorney. We held that under the circumstances, resort to the bank deposit theory was justified.

In the case at bar the Commissioner's determination resulted from taxpayer's failure to keep such records of his business as was required by § 54(a) of the Internal Revenue Code of 1939, 26 U.S.

454

C.A. § 54(a), or, if he ever did possess any records, his failure to retain them as required by Treasury Regulations 111, § 29.54-1.

Judgment affirmed.